KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 2798
TRACY A. DIFILLIPPO, ESQ.
Nevada Bar No. 7676
CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
BRANDON P. JOHANSSON
Nevada Bar No. 12003
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
kstolworthy@armstrongteasdale.com
cflynn@armstrongteasdale.com

EDWIN D. FLEMING, ESQ. (*Pro Hac Vice To Be Submitted*)
JAKE D. CURTIS, ESQ. (*Pro Hac Vice To Be Submitted*)
BURCH & CRACCHIOLO, P.A.
702 E. Osborn Rd., Suite 200
Phoenix, AZ 85014
Telephone: 602.274.7611
Facsimile: 602.850.9760
efleming@bcattorneys.com
jcurtis@bcattorneys.com

ATTORNEYS FOR DEFENDANT
CAG ACCEPTANCE, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MARY GIBBS-BOLENDER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CAG ACCEPTANCE, LLC, a foreign limited liability company; DOES I through X, inclusive; and ROES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** |

　　　　PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended by the Class Action Fairness Act of 2005 ("CAFA")[1] as authorized by 28 U.S.C. § 1453, the

---

[1] Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.).

1

Defendant CAG Acceptance, LLC ("Defendant or "CAG"), by and through its attorneys of record, Armstrong Teasdale, LLP and Burch & Cracchiolo, files this Notice of Removal of the above-captioned case pending in the Eighth Judicial District Court of the State of Nevada as Case No. A-14-706754-B (the "Lawsuit").  In support of removal, CAG states as follows:

## PROCEDURAL HISTORY

1. On September 10, 2014, the Lawsuit was commenced by the filing of a Class Action Complaint in the Eighth Judicial District Court of the State of Nevada, styled *Mary Gibbs-Bolender v. CAG Acceptance, LLC* and bearing case no. A-14-706754-B.

2. On September 15, 2014, a copy of the Summons and Class Action Complaint were served on Defendant via its registered agent Kaempfer Crowell, Ltd.  *See* Declaration of Ismael Trevizo (hereinafter "Trevizo Decl.") at ¶ 3.  A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**.

## ALLEGATIONS OF THE COMPLAINT

3. The named Plaintiff Mary Gibbs-Bolender (hereinafter "Gibbs-Bolender") alleges, among other things, that Defendant improperly breached a Retail Installment Sales Contract ("RISC") by rendering a vehicle she purchased inoperable prior to default.

4. Gibbs-Bolender seeks to represent a Class of plaintiffs consisting of "all individuals who purchased a vehicle on credit in the State of Nevada within 4 years prior to the date of the filing of this Complaint, pursuant to a Retail Installment Sales Contract that was assigned to Defendant, and which vehicle was equipped with any device allowing Defendant to remotely disable it, and with terms or asserted rights contrary to those stated in the [RISC] required by NRS Chapter 97." *See* Complaint ¶ 35.  Gibbs-Bolender also seeks to represent Subclass A (the "Subclass") of plaintiffs who seek "damages as a result of having additionally experienced disablement of their vehicle by Defendant for non-payment prior to being in default for non-payment as defined by the RISC as required by law." *Id*.

5. The Lawsuit alleges several causes of action, including trespass to chattels, violations of NRS Chapter 97, violations of NRS Chapter 104, violations of NRS Chapter 598, and breach of contract.

**BASIS FOR REMOVAL**

6. This action is within the original jurisdiction of this Court, and removal is therefore proper under CAFA, 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of a class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

7. **Covered Class Action**. This action is a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453(a). Defendant denies that this case can be certified as a class action and expressly reserves its right to oppose any motion for class certification filed in this action.

8. **Diversity**. The diversity of citizenship under CAFA requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

At the time the Lawsuit was filed[2], Plaintiff Gibbs-Bolender was a resident and citizen of Nevada. *See* Complaint, ¶ 5. Furthermore, the Complaint seeks relief arising from "transactions and occurrences" that "occurred in the State of Nevada." *Id*. at ¶ 7. Additionally, Defendant's records reflect that over 85% of the people who have financed vehicles through CAG in Nevada (and have had the PassTime GPS device installed on the vehicle) have last known addresses in Nevada. *See* Trevizo Decl. at ¶ 10. Therefore, over 85% of the putative Class and putative Subclass members are citizens of Nevada.

Defendant is an Arizona limited liability company (LLC) with its principal place of business in Arizona, and it is organized under the laws of Arizona. *Id.* at ¶¶ 4, 7-8. CAG's main office is located in Arizona, its executives are located in Arizona, over 85% of its employees are located in Arizona, and approximately 2/3 of the total loans it has made since 2011 were to individuals who purchased vehicles in Arizona. *Id*. at ¶ 8. On a going forward basis, CAG anticipates that it will continue to issue substantially more loans in Arizona than it will in Nevada. *Id*. Therefore, CAG is a citizen of Arizona pursuant to 28 U.S.C. § 1332(d)(10).

///

---

[2] Citizenship of proposed plaintiff class members is determined as of the complaint filing date. 28 U.S.C. § 1332(d)(7).

3

Consequently, the minimal diversity of citizenship required under 28 U.S.C. § 1332(d)(2) is satisfied.

9. **Class Action Consisting Of More Than 100 Members**. Plaintiff Gibbs-Bolender asserts that "there are roughly two thousand members of the Class as defined" and "hundreds of Subclass A members." *See* Complaint, ¶ 36. Accordingly, based on Plaintiff's allegations, the aggregate number of class members is greater than 100 for the purposes of 28 U.S.C. § 1332(d)(5)(B).

10. **Amount in Controversy**. To satisfy the removal requirements under CAFA, the amount in controversy must exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). This amount is determined by aggregating the claims of the named plaintiff and putative class members. 28 U.S.C. § 1332(d)(6). *See also, Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981-82 (9th Cir. 2013) (directing "preponderance of the evidence" standard). While Defendant denies the substantive merit of all claims and relief sought in the Complaint, the Complaint's allegations put at issue an aggregate amount in controversy of more than $5 million, exclusive of interest and costs.

     a. **Alleged Damages Under NRS 97**

Plaintiff Gibbs-Bolender seeks an order precluding Defendant from recovering "*any finance charge,* official fees, or any charge for delinquency or collection" for alleged violations of NRS Chapter 97 for all putative Class members. *See* Complaint ¶ 76 (emphasis added). Plaintiff further alleges that as to Gibbs-Bolender, "all Defendant can collect as assignee of the RISC is the vehicle selling price ($10,999.00), plus sales tax ($926.64), minus the down payment she paid ($1,000.00), which equals $10,925.64." *Id*. The Prayer for Relief also states "[f]or each member of the Class, a computation of a reduced amount owed pursuant to NRS 97.301." *See* Complaint, p. 23. Thus, for each putative Class member, Plaintiff seeks to preclude Defendant from recovering, among other things, the finance charge for vehicles it has financed in Nevada.

/ / /

/ / /

/ / /

The damages alleged under NRS 97, standing alone, satisfy the $5 million in controversy standard.  Defendant informs the Court, after reviewing its records, that there are over 1,000 "active"[3] and "non-active"[4] accounts in which the PassTime GPS device was installed.  *See* Trevizo Decl. at ¶ 11.  Defendant has determined that the total "Finance Charge" listed on the contracts for all active accounts is in excess of $5 million, which standing alone is sufficient to satisfy the amount in controversy requirement.  *Id*. at ¶ 12.  The putative Class members seek to take away Defendant's right to collect these finance charges, and therefore, this amount constitutes damages.  Accordingly, the amount in controversy requirement has been satisfied for the putative Class.

### b.  Alleged Remedies Under Chapter 104

Plaintiff Gibbs-Bolender also alleges, among other things, that Defendant violated NRS 104.1304 and NRS 104.9609, and that all putative Class members are entitled to remedies for violation of NRS 104.9609 et seq. through NRS 104.9625.  *See, e.g.,* Complaint, ¶ 78.  Plaintiff Gibbs-Bolender alleges that as a remedy for violation of NRS 104.9609 et. seq., NRS 104.9625(3)(b) provides that "[i]f the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this part may recover for that failure in any event <u>an amount not less than</u> the credit service charge plus 10 percent of the principal amount of the obligation or the time-differential plus 10 percent of the cash price."  *See* Complaint, ¶ 88.

Plaintiff Gibbs-Bolender alleges that in her case, her damages under NRS 104.9625(3)(b) are not less than $7,102.44, calculated as follows: "the credit service charge is $5,944.45, and ten percent of the principal amount of the obligation is $1,157.99."[5]  *Id.* at ¶ 89.  Gibbs-Bolender alleges

---

[3] For purposes of this Notice, the term "active account" refers to an account: (1) for a vehicle purchased in Nevada and under contract with Defendant; (2) which still has an outstanding balance; (3) which had the PassTime GPS device installed; and (4) where the borrower still has possession of the vehicle.

[4] For purposes of this Notice, the term "non-active account" refers to an account: (1) for a vehicle purchased in Nevada and which was under contract with Defendant; (2) which had the PassTime GPS device installed; and (4) which was either paid-off or charged off.

[5] Defendant has confirmed that under Plaintiff Gibbs-Bolender's contract with Defendant, the "Finance Charge" listed on the contract was $5,944.46, and the total "Amount Financed" was

5

that "[a] like amount is capable of computation for each member of Subclass A upon full discovery." *Id*. at ¶ 90.

Defendant's review of its records as of September 29, 2014 reflects that it has over 1,000 active and non-active accounts in which the PassTime GPS device has been installed. Trevizo Decl. at ¶ 11. Of these active and non-active accounts, Defendant's records reflect that over 500 of these accounts have had at least one instance where a payment was made 4 or more days late by a borrower. *Id*. at ¶ 15. After reviewing its records for active and non-active accounts, and using Plaintiff's calculation of damages under NRS 104.9625(3)(b), total damages alleged exceed $5 million, exclusive of interest and costs, for the putative Subclass. *Id*. at ¶ 16.

Thus, the amount in controversy requirement for the putative Subclass, standing alone, is satisfied.

### c. Other Damages

The amount in controversy requirement can be satisfied by analyzing damages alleged under either NRS 97 or NRS 104.9625(3)(b). Notwithstanding, it is worth noting that the Complaint also seeks the following damages:

(1) Loss of use damages pursuant to NRS 104.9625(2) for the putative Subclass. *See* Complaint ¶ 91-92;

(2) Attorney's fees pursuant to NRS 18.010(2)(a) for all putative Class members. *See* Complaint ¶ 95;

(3) Punitive damages for the putative Subclass. *See* Complaint ¶ 66;

After taking damages alleged under these categories into account, it should be clear that the amount in controversy requirement has been satisfied.

11. **No CAFA Exclusions.** This action does not fall within any mandatory or discretionary exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d).

---

$11,579.89. *See* Trevizo Decl. at ¶¶ 13-14. Ten percent of the "Amount Financed" equals $1,157.99. Therefore, under Gibbs-Bolender's analysis, damages under NRS 104.9625(3)(b) are calculated by adding the total "Finance Charge" listed on the contract plus 10 percent of the "Amount Financed."

**PROCEDURAL REQUIREMENTS OF CAFA HAVE BEEN SATISFIED**

12.     **Timeliness.**  The removal notice has been timely filed as required by 28 U.S.C. § 1446(b).  Defendant was served with the Complaint no earlier than September 15, 2014, and filed this notice within thirty days after receipt thereof.

13.     **Venue.**  Venue is proper under 28 U.S.C. § 1441(a), which provides for removal to the District Court of the United States for the district and division embracing the place where such action is pending.

14.     **Pleadings and Process.**  As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant are submitted with this pleading.  The Summons and Complaint are attached hereto as Exhibit A.  These submissions constitute all pleadings and documents filed with the Clerk of the Eighth Judicial District Court of Nevada. Furthermore, promptly after filing this Notice of Removal, Defendant will give written notice of the Notice of Removal to all adverse parties and will file a copy of the notice with the Clerk of the Eighth Judicial District Court of Nevada.

15.     **Consent to Removal.**  Consent to removal of co-defendants is not required under CAFA.  *See* U.S.C. § 1453(b).

**CONCLUSION**

16.     For all the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d).  Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7

WHEREFORE, Defendant CAG gives notice that the above-described action filed against it in the Eighth Judicial District Court of the State of Nevada, Case No. A-14-706754-B, is hereby removed to this Court.

DATED October 14, 2014.

ARMSTRONG TEASDALE LLP

By: /s/ *Kevin R. Stolworthy*
    KEVIN R. STOLWORTHY, ESQ.
    Nevada Bar No. 2798
    TRACY A. DIFILLIPPO, ESQ.
    Nevada Bar No. 7676
    CONOR P. FLYNN, ESQ.
    Nevada Bar No. 11569
    BRANDON P. JOHANSSON
    Nevada Bar No. 12003
    3770 Howard Hughes Parkway, Suite 200
    Las Vegas, Nevada 89169

    EDWIN D. FLEMING, ESQ. (Pro Hac Vice To Be Submitted)
    JAKE D. CURTIS, ESQ. (Pro Hac Vice To Be Submitted)
    BURCH & CRACCHIOLO, P.A.
    702 E. Osborn Rd., Suite 200
    Phoenix, AZ 85014
    Telephone: 602.274.7611
    Facsimile: 602.850.9760
    efleming@bcattorneys.com
    jcurtis@bcattorneys.com

    Attorney For Defendant
    CAG Acceptance, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2014, the foregoing DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA was served on the party(ies) ☐ via electronic service pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures and/or ☒ by mailing a copy thereof, first class mail, postage prepaid, to:

| | |
|---|---|
| Dan L. Wulz, Esq.<br>Sophia A. Medina, Esq.<br>LEGAL AID CENTER OF SOUTHERN NEVADA, INC.<br>725 E. Charleston Blvd.<br>Las Vegas, NV 89104<br>Tel: 702-386-1070, ext. 1453<br>Fax: 702-386-1453<br>smedina@lacsn.org<br><br>Attorneys for Class | J. Randall Jones, Esq.<br>Carol L. Harris, Esq.<br>KEMP, JONES & COULTHARD, LLP<br>3800 Howard Hughes Pkwy., 17th Floor<br>Las Vegas, NV 89169<br>Tel: 702-385-6000<br>Fax: 702-385-6001<br>c.harris@kempjones.com<br><br>Attorneys for Class |

/s/*Sheila A. Darling*
An employee of Armstrong Teasdale LLP