KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 2798
TRACY A. DIFILLIPPO, ESQ.
Nevada Bar No. 7676
CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
BRANDON P. JOHANSSON
Nevada Bar No. 12003
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: 702.678.5070
Facsimile: 702.878.9995
kstolworthy@armstrongteasdale.com
tdifillippo@armstrongteasdale.com
cflynn@armstrongteasdale.com
bjohansson@armstrongteasdale.com

EDWIN D. FLEMING, ESQ. (*Pro Hac Vice To Be Submitted*)
JAKE D. CURTIS, ESQ. (*Pro Hac Vice To Be Submitted*)
BURCH & CRACCHIOLO, P.A.
702 E. Osborn Rd., Suite 200
Phoenix, AZ 85014
Telephone: 602.274.7611
Facsimile: 602.850.9760
efleming@bcattorneys.com
jcurtis@bcattorneys.com

ATTORNEYS FOR DEFENDANT
CAG ACCEPTANCE, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| MARY GIBBS-BOLENDER, | No.: 2:14-cv-01684-APG-GWF |
|---|---|
| Plaintiff, | |
| vs. | **DECLARATION OF TOMMY L. SMITH IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS TO COMPEL ARBITRATION, OR ALTERNATIVELY, TO STAY PROCEEDINGS PENDING ARBITRATION** |
| CAG ACCEPTANCE, LLC, a foreign limited liability company; DOES I through X, inclusive; and ROES 1 through 10, inclusive, | |
| Defendants. | |

1

I, Tommy L. Smith, state under the penalty of perjury as follows:

1. I am a finance manager at the Chapman Chrysler Jeep dealership located at 930 Auto Show Dr., Henderson, NV (the "Chapman Henderson Dealership").

2. I have personal knowledge of the matters set forth in this Declaration, and can testify as to the matters contained herein if called upon to do so.

3. I have approximately 10 years of experience in the automotive retail industry.

4. I have been a finance manager at the Chapman Henderson Dealership since January, 2013.

5. As a finance manager at the Chapman Henderson Dealership, I am familiar with the customs, practices, procedures, and job responsibilities of finance managers at the Chapman Henderson Dealership.

6. I specifically recall meeting with Mary Gibbs-Bolender ("Gibbs-Bolender"), and I recall her having a great need for a vehicle.

7. On August 3, 2013, Gibbs-Bolender executed a Simple Interest Vehicle Contract and Security Agreement (the "August 3rd RISC") with the Chapman Henderson Dealership for the purchase of a 2008 Dodge Caravan. A true and correct copy of the first two pages of the August 3rd RISC is attached hereto as **Exhibit "1."**

8. At the time Gibbs-Bolender agreed to purchase the 2008 Dodge Caravan, Gibbs-Bolender signed a Waiver of Purchaser's Right to Sue Arbitration Agreement (the "August 3rd Arbitration Agreement"). A true and correct copy of the August 3rd Arbitration Agreement is attached hereto as **Exhibit "2."**

9. My signature is contained on the August 3rd Arbitration Agreement.

10. Because financing was not completed, the agreement to purchase the 2008 Dodge Caravan fell through shortly after August 3, 2014.

11. Contracts are often executed with automotive dealers pending the completion of financing.

12. If financing is not completed, which can occur for a variety of different

1 | reasons, the purchase of the vehicle cannot be finalized despite a contract being executed.

2 |     13.    After the deal for the 2008 Dodge Caravan fell through, and because she needed a vehicle, Gibbs-Bolender executed a Simple Interest Vehicle Contract and Security Agreement (the "August 13th RISC") for a 2005 Chrysler Town & Country. A true and correct copy of the first two pages of the August 13th RISC is attached hereto as **Exhibit "3."**

    14.    At the time Gibbs-Bolender agreed to purchase the 2005 Chrysler Town & Country, Gibbs-Bolender executed a second Waiver of Purchaser's Right to Sue Arbitration Agreement (the "August 13th Arbitration Agreement"). A true and correct copy of the August13th Arbitration Agreement is attached hereto as **Exhibit "4."**

    15.    In order to enable Gibbs-Bolender to obtain financing, Gibbs-Bolender executed an Addendum to the August 13th RISC. A true and correct copy of the Addendum is attached hereto as **Exhibit "5."**

    16.    The Addendum permitted the Chapman Henderson Dealership to install a PassTime GPS device on the 2005 Town & Country. The Addendum also contained an arbitration provision.

    17.    The PassTime GPS device was installed on Gibbs-Bolender's vehicle on August 13, 2014, which was the same day she signed the August 13th RISC and August 13th Arbitration Agreement.

    18.    Gibbs-Bolender was issued a temporary license plate on August 13th, 2013, signifying that Gibbs-Bolender actually drove the car off of the lot on August 13, 2013.

    19.    Due to timing issues involved with financing, Gibbs-Bolender was required to return to the dealership and sign a third Simple Interest Vehicle Contract and Security Agreement (the "September 6th RISC"). A true and correct copy of the September 6th RISC is attached hereto as **Exhibit "6."**

    20.    As with the prior two RISC's, Gibbs-Bolender executed a third Waiver of Purchaser's Right to Sue Arbitration Agreement (the "September 6th Arbitration Agreement"). A true and correct copy of the September 6th Arbitration Agreement is

1 | attached hereto as **Exhibit "7."**

2 | 21. My signature is contained on the September 6th Arbitration Agreement.

3 | 22. Shortly after the September 6th RISC and September 6th Arbitration Agreements were executed, the Chapman Henderson Dealership assigned the Gibbs-Bolender contract to CAG Acceptance, LLC, which provided financing for the 2005 Chrysler Town & Country purchased by Gibbs-Bolender.

23. The information contained in the exhibits attached hereto were made at or near the time of the act or event concerning which the information was recorded, by or from information transmitted by a person with knowledge of the act or event, and were made, and are kept and maintained, in the regular conduct of business.

DATED 10/21/14

By: _____
TOMMY L. SMITH